UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| COREY CORTEZ ABERNATHY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:21-CV-24-CLC-HBG ) |
| JAMES DEAL, | ) ) |
| Respondent. | ) |

## **M E M O R A N D U M**

Corey Cortez Abernathy ("Petitioner"), proceeding pro se, has filed a motion for leave to proceed *in forma pauperis* [Doc. 12] and a petition for a writ of habeas corpus in which he states that he seeks relief under 28 U.S.C. § 2241 and/or a writ of mandamus [Doc. 2]. For the reasons set forth below, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 12] will be **GRANTED**, and this action will be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

**I.    FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* that he is unable to pay the filing fee, this motion [Doc. 12] will be **GRANTED**.

**II.    TRANSFER**

While Petitioner refers to himself as a pretrial detainee and states that he seeks relief under § 2241 and/or a writ of mandamus in his petition, he also specifically seeks to challenge the validity of his convictions and/or sentence for burglary crimes to which he pleaded guilty [Doc. 2 at 1–2]. As such, Petitioner's only path to habeas corpus relief for these convictions is 28 U.S.C. § 2254. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (holding that "§ 2254 is the 'exclusive vehicle'

of habeas relief for prisoners in custody under a state judgment"); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis omitted) (holding that "all petitions seeking relief from state court convictions" fall under § 2254).

However, Petitioner previously filed an unsuccessful § 2254 petition seeking to challenge the same Hamilton County burglary convictions that are at issue in the instant petition. *Abernathy v. Warden Sexton*, 1:18-CV-286-TAV-CHS (E.D. Tenn. July 25, 2019). Therefore, before Petitioner may pursue this successive action, he must obtain authorization to do so from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3). Because it does not appear that Petitioner has obtained such authorization, the Court will **TRANSFER** Petitioner's file to the Court of Appeals for the Sixth Circuit, which will construe the petition as a request for authorization under § 2244(b)(3). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

### III.     CONCLUSION

For the reasons set forth above, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 12] will be **GRANTED**, and the Clerk will be **DIRECTED** to **TRANSFER** this entire action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d at 47, and to close this case.

       **AN APPROPRIATE ORDER WILL ENTER.**

/s/  
**CURTIS L. COLLIER**  
**UNITED STATES DISTRICT JUDGE**